UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 25-230 (JRT/DJF)

UNITED STATES OF AMERICA,     )
     )
          Plaintiff,     )
     )
     vs.     )     **DEFENSE RESPONSE TO MOTION**
     )     **FOR PROTECTIVE ORDER**
ISABEL LOPEZ,     )
     )
          Defendant.     )

Defendant Isabel Lopez, through undersigned counsel, hereby responds to the Government's Motion for Protective Order Governing Discovery. (Doc. 22). As indicated in the government's motion, counsel for both parties previously conferred about the motion and proposed order. The defense objects to the lack of any provision in the proposed order to enable materials produced by the government to be subsequently excluded from the protective order if restricting the materials is not justified. The defense has requested that the government add a provision that permits other materials disclosed to be excluded from the restrictions of the protective order by agreement of the prosecution, or by order of the Court. The defense requests that such a provision be included in the protective order to be issued by the Court.

The scope of the protective order proposed by the government is extremely broad. It includes "all information produced by the government in this case, except matters of public record, the defendant's own statements, criminal history information, and expert reports."  It is highly unlikely that all of the materials disclosed by the government will

have sensitive information that would harm any individual privacy interests or law enforcement interests, the government's asserted reasons for restricting its disclosure. "Law enforcement" interests is also far too vague to justify restrictions.

The government is required to demonstrate good cause in order to obtain a protective order under Federal Rule of Criminal Procedure 16(d)(1). It clearly has not demonstrated good cause for a protective order to cover almost everything that it plans to produce minus a few narrow exceptions. The defense is choosing not to demand that the government more narrowly specify the materials that need protection because it does not wish to provide an excuse for undue delay of the disclosure process. However, it is only reasonable that the protective order provide a mechanism for removal of materials from confidentiality restrictions if there is no justification for requiring confidentiality. The government is not in any way prejudiced and no privacy concerns are threatened by making it clear in the protective order that the restrictions of certain materials may be re-examined by the parties or reviewed by the Court.

Dated:  June 24, 2025                          LAW OFFICE OF JORDAN S. KUSHNER

                                                By s/Jordan S. Kushner
                                                   Jordan S. Kushner, ID 219307
                                                   Attorney for Defendant
                                                   431 South 7th Street, Suite 2446
                                                   Minneapolis, Minnesota  55415
                                                   (612) 288-0545
                                                   jskushner@gmail.com