UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 25-230 (JRT/DJF)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO DISMISS INDICTMENT** |
| ) | **FOR FAILURE TO STATE** |
| ISABEL LOPEZ, ) | **AN OFFENSE** |
| ) | |
| Defendant. ) | |

Defendant Isabel Lopez, through undersigned counsel, hereby moves the Court for an Order dismissing Counts 2 and 3 of the Indictment for failing to state an offense. The grounds are as follows:

1. Count 2 accuses Ms. Lopez of violating 18 U.S.C. § 111(a)(1) based on conduct towards a deputy from the Hennepin County Sheriff's Office. The Indictment fails to specify or provide any information about what federal officer or employee said deputy was assisting in performance of their officials duties as required for this charge to be applicable pursuant to 18 U.S.C. § 1114.

2. Count 3 accuses Ms. Lopez of violating 18 U.S.C. § 231(a)(3) without sufficiently alleging all of the elements of the offense including on what basis there was a "commission of a civil disorder" and what sort of "federally protected function" was being performed.

The 8th Circuit has instructed that "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information

to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009)(quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir.), cert. denied, 553 U.S. 1066, 128 S. Ct. 2517, 171 L. Ed. 2d 789 (2008)). ""While it is generally enough for an indictment to track statutory language . . . simply tracking statutory language does not suffice, when the resulting indictment fails to 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." United States v. Johnson, 981. F.3d 1171, 1179 (11th Cir. 2020).

In the instant the allegations in Counts 2 and 3 are too vague and incomplete to an extent that they fail to adequately allege all of the essential elements of the offenses, or inform Ms. Lopez of the charges she must defend. With respect to Count 2, there is no way to determine if and how the sheriff deputy was assisting a federal officer in performance of official duties as required for this charge to apply to conduct towards a non-federal officer. In Count 3, the Indictment lacks sufficient allegations to enable Ms. Lopez to ascertain whether or how there was a civil disorder, that law enforcement was lawfully responding to that civil disorder, that Ms. Lopez knowingly committed an act to obstruct and impede law enforcement, and nature of the federally protected function she was allegedly interfering with.

For these reasons, Counts 2 and 3 must be dismissed.

Dated:  September 4, 2025     LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545
jskushner@gmail.com