UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-230 (JRT/DJF)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT AND** |
| v. | ) | **SENTENCING STIPULATIONS** |
| | ) | |
| ISABEL LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and the defendant, Isabel Lopez, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges and Waiver of Indictment**. The defendant agrees to plead guilty to a criminal Misdemeanor Information charging her with one count of assaulting and impeding a United States Officer, in violation of Title 18, United States Code, Section 111(a)(1). The defendant fully understands the nature and elements of the crimes to which she is pleading guilty pursuant to this Plea Agreement. The defendant also agrees to execute in open court a separate Waiver of Indictment, and she knowingly and voluntarily consents to proceed by Information instead of by Indictment with respect to the charges. The government agrees to dismiss the pending Indictment at the time of sentencing.

1

2.      **Factual Basis**. In pleading guilty, the defendant admits the following facts and agrees that these facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On or about June 3, 2025, the defendant, Isabel Lopez, was among a crowd of demonstrators who gathered in the vicinity of Taqueria Birrieria Las Cuatro Milpas restaurant at East Lake Street and Bloomington Avenue in Minneapolis. Federal law enforcement was present to execute a court authorized search warrant at Cuatro Milpas. As federal agents began leaving Cuatro Milpas, the defendant approached Victim A, an FBI SWAT officer, and hit him with her arms and closed fist. The defendant also kicked an FBI SWAT officer with her foot. No agent was injured.

As FBI vehicles drove away from Cuatro Milpas, the defendant threw a softball at HSCO deputies who were assisting federal law enforcement vehicles to leave the area. The defendant specifically threw a softball at Victim B, an HCSO deputy, while his back was turned. The officer was not injured.

The defendant admits and agrees that on June 3, 2025, she knowingly and intentionally impeded and interfered with the performance of Victim A's official duties as a federal law enforcement officer and Victim B's official duties in assisting federal law enforcement.

3.      **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the

2

right to have any pending motions resolved by the Court and to file any additional pre-trial motions in this case. The defendant further agrees that, by pleading guilty, she is knowingly and voluntarily withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent her. The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Statutory Penalties**. The parties agree that Count 1 of the Information, which is a Class A Misdemeanor, carries the following statutory penalties:

    a.    a maximum term of 1 year of imprisonment;

   b.    a supervised-release term of not more than 1 year;

   c.    a fine of up to $100,000; and

   d.    a mandatory special assessment of $25.

6.    **Guidelines Calculations**. The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense(s), including relevant conduct, and the defendant's background.

   a.    Base Offense Level. The parties agree that the base offense level for a violation of 18 U.S.C. § 111(a) is 10. U.S.S.G. § 2A2.4(a).

   b.    Specific Offense Characteristics. The parties agree that because the offense involved physical contact, a 3-level enhancement applies pursuant to USSG § 2A2.4(b)(1)

         The parties agree that no other specific offense characteristics apply.

   c.    Chapter Three Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter Three adjustments apply.

   d.    Acceptance of Responsibility. The United States agrees to recommend that the defendant receive a 2-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether this reduction is granted shall be determined by the Court in its discretion. The defendant understands and agrees, however, that the government's recommendation is conditioned

4

upon the following: (1) the defendant testifies truthfully during the change-of-plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant does not engage in any conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this plea agreement, however, limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e.  Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. §4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the presentence investigation report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within their criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category and will not be permitted to withdraw from this Plea Agreement. U.S.S.G. §4A1.1.

f.  Guidelines Range. If the adjusted offense level is 11, and the criminal history category is I, the Sentencing Guidelines range would be **8-14 months of imprisonment**.

g.  Supervised Release. The Guidelines provide for a term of supervised release of not more than 1 year. USSG § 5D1.2(a)(3).

h.  Fine Range. If the adjusted total offense level is 11, the applicable fine range is $4,000 to $40,000. USSG § 5E1.2(c)(3).

7.  **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The

Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Agreements as to Sentencing Recommendation**. The government agrees to recommend at sentencing that the defendant receive a non-custodial sentence and no more than one year of Probation. The defendant is free to recommend whatever sentence she deems appropriate. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

9. **Agreements as to Combined Hearing and Pre-Sentence Report.** The government will not object to a combined change of plea and sentencing hearing, if that is the request of the defendant. Similarly, the government will not request a Pre-Sentence Report, if the defendant chooses to waive the Pre-Sentence Report.

10. **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $25 for each Class A misdemeanor count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

11. **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised

6

release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

12. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above 12 months.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this plea agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the

offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The United States agrees to waive its right to appeal any sentence imposed.

13.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with her decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's

decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Dated: 6/23/26

REBECCA KLINE
Assistant United States Attorney

Dated: 6/23/26

ISABEL LOPEZ
Defendant

Dated: 6/23/26

JORDAN S. KUSHNER, Esq.
Attorney for Defendant

9